[Civ. No. 48896. First Dist., Div. Three. Apr. 20, 1981.]

STEPHEN H. COOPER, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant
and Respondent.

[Civ. No. 48889. First Dist., Div. Three. Apr. 20, 1981.]

CLIFTON G. PEMBERTON, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant
and Respondent.

COUNSEL

Richard A. Gutstadt for Plaintiffs and Appellants.

George Deukmejian, Attorney General, Charlton G. Holland and John Davidson, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**FEINBERG, J.**—Appellants in these consolidated appeals were employed by United Airlines. They were disabled for seven and eight weeks by nonwork-related injuries. During such period of disability, they were paid sick-leave benefits by their employer pursuant to a collective bargaining agreement in an amount approximately equal to the amount they would have received as wages if they had been working. In addition, they applied for and received unemployment insurance disability benefits (UIDB) under the Unemployment Insurance Code (all statutory references hereafter are to this code unless otherwise noted).

The California Employment Development Department charged appellants with overpayment on account of their receipt of both benefits. Appellants appealed these assessments, and hearings before administrative law judges resulted in determinations that they had been overpaid and that "recovery would [not] be against equity and good conscience." (§ 1375.) The law judges found that the sick-leave benefits were "wages" within the meaning of section 2656. Appellants appealed to respondent California Unemployment Insurance Appeals Board which affirmed the administrative law judges and adopted their statement of reasons.

Appellants then sought review of respondent's action by administrative mandamus. (Code Civ. Proc., § 1094.5.) The court denied their petitions, ruling that the sick-leave benefits were wages under section 2656 and that section 1265, declaring supplemental unemployment compensation not to be wages, was inapplicable.

### The Issue

■ *Are employer-paid disability benefits "wages" under section 2656—the effect of section 1265 upon section 2656?*

We can find no California authority directly on point.[1]

---

[1]Respondent relies upon *Barrett v. Cal. Unemp. Ins. Appeals Bd.* (1961) 190 Cal. App.2d 854 [12 Cal.Rptr. 356]. While the case held employer-paid sick leave benefits to be "wages" within the meaning of section 2656, the case did not discuss the effect, if any, of section 1265. It may be that the facts in *Barrett* arose before the effective date of section 1265.

At the time of the relevant events herein, section 2656 read as follows: "An individual eligible to receive disability benefits who receives wages or regular wages from his or her employer during the period of his or her disability shall be paid disability benefits for any day in an amount not to exceed his or her maximum daily amount which together with the wages or regular wages does not exceed for such day one-seventh of his or her weekly wage, exclusive of wages paid for overtime work, immediately prior to the commencement of his or her disability."

Effective 1954, the agency entrusted with the administration of UIDB, had duly adopted and promulgated regulations with regard to implementation of the code sections relative to UIDB.

Section 2601.1(1) (tit. 22, Cal. Admin. Code) of those regulations, in effect and unchanged substantively since 1954, provides: "'Regular wages' as used in section 2656 of the code [Unemployment Insurance Code] means compensation paid entirely by an employer directly to his or her employee as a full or partial payment of his or her remuneration during a period of disability."

On its face, then, it would seem that the benefits paid by the employer in the cases at bar would constitute "regular wages" for it was compensation paid entirely by the employer directly to the employees during the period of the employees' disability and was directly proportionate to the wages the employees would have earned if they had worked.

Appellants, however, rest their cases upon section 1265 and contend that because section 1265 applies, section 2656 does not apply, in that the employer-paid disability benefits are not "wages."

Section 1265 provides: "Notwithstanding any other provisions of this division, payments to an individual under a plan or system established by an employer which makes provisions for his employees generally, or for a class or group of his employees, for the purpose of supplementing unemployment compensation benefits shall not be construed to be wages or compensation for personal services under this division and benefits payable under this division shall not be denied or reduced because of the receipt of payments under such arrangements or plans.

"This amendment is hereby declared to be merely a clarification of the original intention of the Legislature and is not a substantive change,

and is in conformity with the existing administrative interpretation of the law."

Appellants read section 1265 as though it applied to a person receiving benefits from an employer pursuant to a plan established *for the purpose of supplementing any benefits payable under division 1* of the Unemployment Insurance Code. If this reading were correct, the conclusion that they were entitled to receive *both* the employer disability payments and UIDB would be well founded because UIDB is provided for in division 1 of the code.

Unfortunately, · for appellants, we believe that they have misread section 1265.

Section 1265 speaks to "a plan or system established ... for the purpose of supplementing *unemployment compensation benefits.*" (Italics added.) Section 140 of the general definitions defines "unemployment compensation benefits" as "benefits payable under Part 1 of this division." Section 125 provides that the general definitions "shall govern the construction of the provisions of this division [Div. 1]."

Thus, we may recast section 1265 as follows: payments to an individual under a plan ... established by an employer ... for the purpose of supplementing *benefits payable under Part 1 of this division* shall not be construed to be wages ... under this division. But UIDB is payable under part 2 of the division.

Therefore, we read section 1265 to mean that payments pursuant to a plan to supplement benefits payable under part 1 of the division are not wages for purposes either of part 1 or part 2 of division 1 but payments by an employer to supplement benefits *not* payable under part 1 of the division are not within the scope of section 1265.

Further, section 1265 was enacted in 1959 and provided that it was "merely a clarification of the original intention of the Legislature *and is not a substantive change, and is in conformity with the existing administrative interpretation of the law.*" (Italics added.) As we have noted, the agency had issued a regulation; title 22, California Administrative Code, section 2601.1(*1*), defining "regular wages" under section 2656. It is to be presumed that the Legislature in enacting section 1265 was aware of the regulation. Thus, the Legislature in adding section 1265

explicitly did *not* intend any substantive change either in section 2656 or in title 22, California Administrative Code, section 2601.1(*1*).

Finally, in 1971, the Legislature added section 1265.5 to provide that "vacation pay or holiday pay which was earned but not paid for services performed prior to . . . commencement of unemployment caused by disability . . . shall not be construed to be wages or compensation . . . under this division and benefits payable under this division shall not be denied or reduced because of such . . . payments." Thus, when the Legislature intended that certain types of payments or compensation were *not* to be considered wages for UIDB, it clearly so specified.

### *Conclusion*

It is apparent, and appellants do not argue otherwise, that the employer-paid benefits in the cases at bar were not intended to supplement unemployment compensation benefits under part 1 of division 1 of the code. Those benefits were intended, if anything, to supplement UIDB paid under part 2 of division 1 of the code.

Because appellants' claims are based solely upon the theory of the applicability of section 1265 to section 2656, their appeal must fail.

The judgments are affirmed.

White, P. J., and Barry-Deal, J., concurred.